IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUTTE COUNTY, CALIFORNIA** )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>**PHILIP N. HOGEN, et al.,**    )<br>)<br>Defendants.  )<br>_____) | Civil Action No. 1:08CV00519 (HHK) |

**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE
TO INTERVENE UNDER FEDERAL RULE 24(b)**

**INTRODUCTORY STATEMENT**

Plaintiff Butte County, pursuant to Local Civil Rule 7(b), opposes the motion of the Mechoopda Indian Tribe of the Chico Rancheria ("Tribe") to intervene in this litigation under the permissive intervention provisions of Rule 24(b) of the Federal Rules of Civil Procedure. The Tribe contends that it should be permitted to intervene and participate as a party defendant to this challenge under the Administrative Procedure Act ("APA") to the approval by the National Indian Gaming Commission ("NIGC") of the Tribe's Tribal Gaming Ordinance purporting to authorize Class III gaming on land within Butte County.

The Motion for Leave to Intervene was filed on May 13, 2008. The County filed its First Amended Complaint for Declaratory and Injunctive Relief on May 19, 2008, adding a challenge under the APA to the acceptance into trust of land for gaming for the Tribe by the Assistant Secretary of the Interior for Indian Affairs. The trust acceptance would allow Class II and Class III gaming on the same land within the County as the land

at issue in the challenge to the NIGC approval.  Although the Tribe's Motion does not directly address the issues presented in the First Amended Complaint and its [Proposed] Answer and [Proposed] Order, the following opposition is relevant to all of the tribal claims.

As discussed below, the motion is without warrant and should be denied.

## ARGUMENT

### I. THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY PERMISSIVE TRIBAL INTERVENTION

Since intervention under Rule 24(b) is an "entirely discretionary enterprise," the courts are free to exercise a wide latitude of discretion when deciding whether or not to allow intervention "even if the movant established an independent jurisdictional basis, submitted a timely motion, and advanced a claim or defense that shares a common question of fact." *E.E.O.C. v. National E.E.O.C. v. National Children's Center*, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998).  This APA litigation will consider administrative decisions in the context of the administrative record alone; no extrinsic evidence is to be considered.  Yet, the Tribe proposes that its participation should be permitted, citing its need to introduce evidence not necessarily before the defendants when they made the decisions at issue in order to "protect its interests … by providing this Court with the interpretation of its history of restoration <u>from its own unique perspective</u>, and by vigorously opposing any further delay in the legal steps necessary for

the Tribe <u>to provide its long-delayed plans for self-sufficiency and self-determination</u>."[1] [Emphasis supplied.]

There is no place in APA litigation for development of the issues proposed by the Tribe. There is an administrative record upon which the federal defendants made a decision, and this Court certainly does not need a sweeping presentation of the "tribal perspective" to decide this case. Simply stated, the Tribe brings nothing to the table.

## II.     THE TRIBE HAS FAILED TO DEMONSTRATE STANDING TO INTERVENE

The threshold requirement for permissive intervention is an "independent basis for jurisdiction" over the movant's claims or defenses. *E.E.O.C. v. National Children's Center*, Inc., *supra*. Requiring a prospective intervenor to establish the Court's jurisdiction stems not from the explicit language of Rule 24(b) but from "the basic principle that a court may not adjudicate claims over which it lacks subject matter jurisdiction." *Id*. Yet, as discussed at Section III, above, the Tribe is asking this Court to allow its intervention specifically to litigate issues not within APA jurisdiction. Absent more than the has been presented to the Court, the Tribe proposes to raise new issues for which it has standing but which are outside the scope of the issues under APA review. An integral element of federal jurisdiction is standing to sue; the Tribe's failure to demonstrate that it has standing to contest the matters before the Court leaves it short of satisfying this threshold requirement for federal jurisdiction.

---

[1]     Tribal Memorandum of Points and Authorities in Support of Motion to Intervene ("Tribal Memo") at 3.

3

### III. THE WOULD-BE INTERVENOR SEEKS ONLY TO RAISE ISSUES THAT ARE NOT PROPERLY BEFORE THE COURT

Illustrative of the inappropriateness of intervention by the Tribe are the following examples (and the County's responses) taken from the argument supporting the Motion to Intervene.

First, the Tribe makes continuous references to its need to present "its" version of the tribal history and right for economic development and self-sufficiency. It even goes so far as to state "to the extent that Plaintiff's complaint seeks to use the NIGC's approval of the Amendments as a feint for its true goal of attacking the history and recognized status of the Tribe, Mechoopda alone is uniquely qualified to address issues concerning its history and existence as a tribal community."[2] These statements are made despite affirmative statements by the County that it does not challenge tribal recognition or sovereignty (Complaint at Preliminary Statement and ¶ 16).

Second, the Tribe asserts a need to be party to this litigation because of what it characterizes as an attack on the Tribe.[3] The only County "attack" is to the federal defendants' conclusions that certain land legally qualifies for gaming under IGRA.[4]

Third, the Tribe asserts that it is "intimately familiar with the relevant facts" and that the Tribe's "unique position offers the advantage of 'increased information (which might reduce the risk of error),'"[5] adding that the County's allegations "require not only a familiarity with the facts but also an intimacy with the process that only the Tribe can

---

[2]   Tribal Memo at 8.
[3]   *Id.*
[4]   Intervention should not be extended to a party which would "impermissibly broaden the scope of the current litigation. *Me-Wuk Indian Community of the Wilton Rancheria v. Kempthorne*, 246 F.R.D. 315, 320 (D.D.C. 2007); (*Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 7 (D.D.C. 2001).
[5]   *Id.* at 11.

4

meaningfully represent."[6]  The County seeks judicial review under the APA, a review which must "be based [solely] on the full administrative record that was before the [federal decision-maker] at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).  The courts may not consider "post-hoc rationalizations for agency conduct," *Id*. at 419, and that prohibition certainly would include the Tribe's intended introduction of its version of its history and economic needs – matters not before the federal decision makers, not considerations in the decisions rendered and not relevant to this Court's assessments.

Finally, the Tribe's ultimate justification for its intervention is its pronouncement that it is "the party both most familiar with the underlying facts of the case and most keenly interested in its speedy resolution."[7]  This is <u>not</u> the standard by which the courts should be assessing motions for intervention.

### IV.  ANY INTEREST OF THE TRIBE IS MORE THAN ADEQUATELY REPRESENTED BY THE FEDERAL DEFENDANTS.

The Tribe acknowledges that the United States will "vigorously defend against the Plaintiff's claims."[8]

This concession echoes the firmly-established principle that in defending a challenged agency action benefitting an Indian tribe, the United States adequately represents tribal interests in having that decision upheld. *Southwest Center for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998) ("United States can adequately represent an Indian tribe unless there exists a conflict of interest between the United States and the Tribe").  *See also Blumenthal v. Babbitt,* 899 F.Supp. 80, 83 (D. Conn

---

6   *Id.* at 10.
7   Tribal Motion to Intervene, ¶ 6.
8   Tribal Memo, p.8.

1995) (ruling that the Secretary of the Interior couldl adequately represent a tribe's interest with regard to certain lands held in trust for a tribe assuming there is no conflict of interest).

There is a recurring theme throughout the tribal argument that it is indispensable to litigation contesting its right to use a single parcel of land for gaming, despite the fact that the County's legal challenge is only to a single land parcel and not to the Tribe's ability to conduct gaming elsewhere. Selection of a single site on which tribal gaming will be conducted is peripheral to the actual operating of a gaming casino. In contrast, a tribe has no right to conduct casino gaming anywhere unless it has negotiated and executed a Tribal State Gaming Compact pursuant to IGRA Section 11(d), 25 U.S.C. § 2710(d). Despite the absolute requirement of a Compact for casino gaming, tribes are not even indispensable parties in litigation challenging Compact approvals by the Secretary of the Interior. *Artichoke Joe's v. Norton*, 216 F.Supp.2d 1084, 1118 (E.D. Cal. 2002), is particularly instructive. There, in a case challenging the validity of the then-existent California compacts, the district court determined that Indian tribes were not necessary parties.[9] 216 F.Supp.2d at 118 ("although the tribes claim a legal interest in this lawsuit, they are not necessary parties because their legal interests can be adequately represented by the Secretary"). And, on appeal, the Ninth Circuit reiterated :

> We note … that this case is distinguishable from an earlier challenge to the validity of gaming compacts entered into by the Governor of Arizona pursuant to IGRA. … We held there that the State of Arizona could not adequately represent the tribes because their interests were potentially adverse and because the state owed no trust responsibility to Indian Tribes. … By contrast, the Secretary is a party to this case. The Secretary's interests are not adverse to the tribes' and the Department of the Interior has the primary responsibility for carrying out the federal government's

---

[9]   Sixty-two compacts were at issue in *Artichoke Joe's.  See* 216 F.Supp.2d at 1096.

6

trust obligation to Indian tribes.

*Artichoke Joe's California Grand Casino v. Norton,* 353 F.3d 712, 719 n.10 (9th Cir. 2003) (citations omitted) (emphasis added). *See also, Southwest Center for Biological Diversity v. Babbitt*, *supra*.

The reasoning of the Ninth Circuit should be followed here. If an Indian tribe is not an indispensable party to an action challenging tribal-state compacts, surely it is not an indispensable party to an action challenging only the NIGC's approval of a Tribal Gaming Ordinance and – with the filing of the First Amended Complaint on May 19 – the Assistant Secretary for Indian Affairs of an application to have land taken into trust for gaming.[10]

Adequacy of representation is a factor Courts may consider when determining whether to grant permissive intervention pursuant to Rule 24(b).[11]  *South Dakota v. Barnett*, U.S. Dept. of Interior, 317 F.3d 783 (8th Cir. 2003).  That the Tribe's interests are adequately represented by the federal defendants is both adjudicated and conceded.

///

///

---

[10] The Tribe mischaracterizes the County's action as a general attack on its ability to pursue economic development opportunities. (Tribal Memo, *passim*.)  The County does not take issue with the Tribe's right or ability to pursue economic development.  The County's sole challenge goes to federal decisions purporting to authorize casino gaming <u>at a specific site</u> which does not meet the requirements of IGRA. (See Complaint at ¶¶ 1-2.)

[11] Some courts have described adequacy of protection as a "minor variable," but not an illegitimate consideration, in the Rule 24(b) decision calculus. *South Dakota v. United States Department of the Interior,* 317 F.3d 783, 787 (8th Cir. 2003; *United States Postal Serv. v. Brennan,* 579 F.2d 188, 191 (2d Cir. 1978).

## CONCLUSION

For the reasons set forth above, the Tribe's motion to participate in this action as a party in intervention must be denied. Should the Court accept the Tribe's Motion and [Proposed] Answer, the County reserves its right to file a response.

Respectfully submitted this 20th day of May 2008.

**BUTTE COUNTY, CALIFORNIA**

By Counsel

_____s_____
Dennis J. Whittlesey  (D.C. Bar No. 053322)
DICKINSON WRIGHT PLLC
1901 L Street, N.W. - Suite 800
Washington, D.C.  20036
Telephone: (202) 659-6928
Facsimile: (202) 659-1559

**OF COUNSEL:**

Bruce S. Alpert, Esquire
County Counsel
COUNTY OF BUTTE
25 County Center Drive
Oroville, California  95965

Scott R. Knapp, Esquire
DICKINSON WRIGHT PLLC
215 South Washington Square – Suite 200
Lansing, Michigan  48933

H. Scott Althouse, Esquire
DICKINSON WRIGHT PLLC
1901 L Street, N.W. - Suite 800
Washington, D.C.  20036

DC 35614-1 120551v1