UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUTTE COUNTY, CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**PHILIP N. HOGEN**, *et al.*,<br><br>Defendants. | Civil Action No. 08-519 (HHK)(AK) |

**MEMORANDUM OPINION**[1]

Pending before the Court are the Mechoopda Indian Tribe of Chico Rancheria, California's ("Tribe's") Motion to Intervene [7], Plaintiff's Opposition [10], and the Tribe's Reply [18]. After considering the submissions of the parties, the Court issues the following Memorandum Opinion.

**I.   Background**

The Mechoopda Indian Tribe of Chico Rancheria, California is a federally-recognized Indian tribe that currently has no reservation or federally-protected lands. (Tribe's P. & A. Supp. Mot. Intervene [7] ("P. & A.") at 2.) In 2001, the Tribe's casino developers purchased a 630-acre plot of land in Butte County, California ("Butte County") on which the Tribe intends to pursue economic development through Indian gaming. (Am. Compl. [8] ¶ 19.)

---

[1] United States District Judge Henry H. Kennedy referred this matter to the undersigned for resolution of the Mechoopda Indian Tribe's Motion to Intervene [7] pursuant to Local Civil Rule 72.2(a). (*See* Order of Referral [11].)

1

The Indian Gaming Regulatory Act ("IGRA") provides that an Indian tribe may operate a casino offering Class II and Class III gaming so long as the gaming is conducted on Indian lands that qualify for gaming under IGRA and provided that the Class III gaming is in compliance with a Tribal Gaming Ordinance that has been approved by the National Indian Gaming Commission ("NIGC"). (*Id.* ¶ 13.) IGRA prohibits gaming on land acquired after October 17, 1988 unless one of the exceptions enumerated in 25 U.S.C. § 2719(b) apply. Under the "restored lands" exception, a tribe may operate a casino on land acquired after this date if the "lands are taken into trust as part of . . . the restoration of lands for an Indian tribe that is restored Federal recognition." 25 U.S.C. § 2719(b)(1)(B)(iii). On March 14, 2003, the NIGC concluded that, once taken into trust, the 630-acre plot at issue in this case would qualify as restored Indian lands and, thus, is a location on which the Tribe could conduct lawful gaming activity. (Am. Compl ¶ 24.)

On February 8, 2007, the NIGC approved an Amendment to the Tribe's Tribal-Gaming Ordinance authorizing tribal gaming at the proposed casino site in Butte County. (*Id.* ¶ 1.) On May 8, 2007, the United States Department of the Interior's Assistant Secretary for Indian Affairs approved an application accepting the land at issue into trust for the purpose of tribal gaming. (*Id.* ¶ 2.) In its First Amended Complaint for Declaratory and Injunctive Relief, Butte County challenges the NIGC's approval of the Tribal-Gaming Ordinance and the Assistant Secretary's decision to accept the land into trust. (*Id.* ¶¶ 1, 2.)

Contending that the "Tribe's participation in this suit is essential to the Tribe's ability to protect the vital interests of itself and its members," on May 13, 2008, the Tribe moved for an order permitting its permissive intervention as a defendant under Rule 24(b) of the Federal Rules of Civil Procedure. (P. & A. at 8.) While Defendants consent to the Tribe's intervention, Butte

County opposes the Tribe's motion to intervene.  (P. & A. at 3; Pl.'s Opp'n [10] at 8.)  The Tribe also asks this Court to take judicial notice of the contents of thirteen documents pursuant to Federal Rule of Evidence 201.  (Req. Judicial Notice [7-4] at 2-4.)

II.  **Discussion**

   A.  Permissive Intervention

Permissive intervention is governed by Federal Rule of Civil Procedure 24(b), which provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact."  FED. R. CIV. P. 24(b)(1)(B).  A putative intervenor must establish three criteria before it may litigate a claim on the merits under Rule 24(b)(2): "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action."[2]  *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Additionally, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  FED. R. CIV. P.

---

[2] Some courts also consider whether existing parties could adequately protect the putative intervenor's interest, such that intervention would be rendered unnecessary. *See South Dakota ex rel. Barnett v. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003); *U.S. Postal Serv. v. Brennan* 579 F.2d 188, 191 (2d Cir. 1978).  Although adequacy of representation "is only a minor variable in the Rule 24(b) decision calculus, it is not an illegitimate consideration." *South Dakota ex rel. Barnett*, 317 F.3d at 787.
   The Tribe does not dispute "that the United States will vigorously defend against Plaintiff's claims," but argues that it "possesses immediate and compelling needs that are different in nature and priority than the interests of the United States." (P. & A. at 8.)  Indeed, the Court recognizes that the United States has, at most, a negligible financial interest in the outcome of this litigation whereas the Tribe's goals of economic development and self-sufficiency are at stake.  *See Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (finding that intervenor had established that the District of Columbia's representation of its interests would be inadequate when the District had no financial stake in the litigation).
   Even assuming, *arguendo*, that the United States would adequately protect the Tribe's interests in this suit, that factor is outweighed by the Supreme Court's preference for encouraging Indian tribes to "participat[e] in litigation critical to their welfare.." *Arizona v. California*, 460 U.S. 605, 615 (1983).

24(b)(3). The decision to grant permissive intervention rests squarely with the court, and a court may deny a motion for permissive intervention even if the putative intervenor satisfies all of the elements of Rule 24(b). *E.E.O.C.*, 146 F.3d at 1046, 1048.

        1.    *Independent Ground for Subject Matter Jurisdiction*[3]

The requirement of an independent basis for jurisdiction "stems not from any explicit language in Rule 24(b), but rather from the basic principle that a court may not adjudicate claims over which it lacks subject matter jurisdiction." *E.E.O.C.*, 146 F.3d at 1046. Under the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, "courts may [] exercise jurisdiction over an intervenor's claims, without regard to whether the intervention is permissive or of right, provided the claims are sufficiently related to the main claim over which the court has federal question jurisdiction." *E.E.O.C.*, 146 F.3d at 1046 (citing 6 MOORE'S FEDERAL PRACTICE § 24.22 (3d ed. 1998)). In this case, the Tribe seeks to intervene to defend against Butte County's allegation. (P. & A. at 10.) Therefore it is clear that the Tribe's claims are sufficiently related to the main claims in this litigation such that an independent ground for subject matter jurisdiction exists.

---

[3] Related to the issue of subject matter jurisdiction is the issue of standing. To establish standing to intervene, a party must show: (1) an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent'"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'". *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted). In this Circuit, "there is uncertainty over whether standing is necessary for permissive intervention." *In re Vitamins Antitrust Litig.,* 215 F.3d 26, 31 (D.C. Cir. 2000). Even if standing is required, the Tribe satisfies the three criteria set forth in *Lujan* because the Tribe has demonstrated that its economic future will be negatively impacted if Butte County prevails in this suit whereas it will be able to pursue economic development through Indian gaming if Defendants prevail.

      2.     *Timeliness of Tribe's Motion to Intervene*

The second requirement for permissive intervention is a timely motion from the putative intervenor. *E.E.O.C.*, 146 F.3d at 1046. The issue of timeliness "is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit . . . ." *United States v. AT&T*, 642 F.2d 1285, 1295 (D.C. Cir. 1980). In this case, Butte County filed their Complaint on March 26, 2008 and their First Amended Complaint on May 19, 2008. Because this case is in its infancy, and in light of the fact that Butte County does not allege that the Tribe's Motion to Intervene is untimely, the Court finds that this requirement is satisfied.

      3.     *Common Question of Law or Fact*

The third requirement for permissive intervention is that the party seeking to intervene must have "a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 26(b)(1)(B). This requirement is satisfied when "[t]he facts necessary to assert [the intervenor's] claim are essential the same facts as those necessary to establish [an existing party's] claim." *Me-Wuk Indian Cmty. of the Wilton Rancheria v. Kempthorne*, 246 F.R.D. 315, 320 (D.D.C. 2007). In this case, the Tribe's defense of Defendants' actions would raise the same factual and legal issues that Defendants will likely raise in support of their decisions to approve gaming on the land in Butte County and to accept the parcel of land into trust for that purpose, including whether the casino site satisfies IGRA's restored lands exception. Therefore the Court finds the Tribe's claims share common questions of law and fact with the main action such that permissive intervention is proper.

    4.    *Undue Delay or Prejudice*

Finally, the Court must "consider whether the requested intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). As this Circuit has explained,

> The "delay or prejudice" standard presumably captures all the possible drawbacks of piling on parties; the concomitant issue proliferation and confusion will result in delay as parties and court expend resources trying to overcome the centrifugal forces springing from intervention, and prejudice will take the form not only of the extra cost but also of an increased risk of error.

*Mass. Sch. of Law at Andover, Inc. v. U.S.*, 118 F.3d 776, 782 (D.C. Cir. 1997). In this case, the risks of delay and prejudice are minimal. For example, the Tribe does not seek to add any new claims and therefore there will not be a need for additional discovery above that which would be sought by the existing parties. Furthermore, the Court notes that Butte County is unable to explain how allowing the Tribe to intervene would result in undue delay or prejudice. Accordingly, the Court finds no reason for denying the Tribe's Motion.

    B.    <u>Judicial Notice</u>

In support of its Motion to Intervene, the Tribe asks this Court to take judicial notice of the contents of thirteen documents pursuant to Federal Rule of Evidence 201.[4] (Req. Judicial Notice at 2-4.) Because the Court did not rely on the contents of these documents in evaluating the Motion to Intervene, and because it appears that the Tribe is only requesting judicial notice for the limited purpose of supporting its Motion, the Court finds it unnecessary to address the issue at this time. The Court will deny the Tribe's request without prejudice, recognizing that

---

[4] The Tribe makes this request in an Exhibit, rather than in the body of their Motion.

they may renew their request with the trial court should the need arise in the future.

### III. Conclusion

For the reasons set forth above, the Court finds that the Mechoopda Indian Tribe of Chico Rancheria, California has established the prerequisites for permissive intervention under Federal Rule of Civil Procedure 24(b) and shall be permitted to intervene in the instant litigation. An Order consistent with this Memorandum Opinion is filed contemporaneously herewith.

Date: June  16 , 2008                              /s/
                                                  ALAN KAY
                                                  UNITED STATES MAGISTRATE JUDGE