# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUTTE COUNTY, CALIFORNIA, 25 County Center Drive, Oroville, CA 95965, <br><br> Plaintiff, <br><br> v. <br><br> PHILIP N. HOGEN, in his official capacity as CHAIRMAN OF THE NATIONAL INDIAN GAMING COMMISSION, 1441 L Street, N.W., Suite 9100, Washington, D.C. 20005, and NORMAN H. DESROSIERS, in his official capacity as COMMISSIONER OF THE NATIONAL INDIAN GAMING COMMISSION, 1441 L Street, Suite 9100, Washington, D.C. 20005, <br><br> Defendants. <br><br> ──────────────────────────── <br><br> MECHOOPDA INDIAN TRIBE OF CHICO RANCHERIA, CALIFORNIA, a federally recognized Indian Tribe, c/o Dennis E. Ramirez, Chairman, Tribal Offices, 125 Mission Ranch Boulevard, Chico, CA 95926, <br><br> Intervenor. | Case No.: 1:08-cv-00519-HHK <br> Judge: Henry H. Kennedy, Jr. <br> Deck Type: Administrative Agency Review <br> Date Filed: 03/26/08 <br><br> **ANSWER OF PROPOSED INTERVENOR MECHOOPDA INDIAN TRIBE OF CHICO RANCHERIA, CALIFORNIA** |

Proposed Intervenor Mechoopda Indian Tribe of Chico Rancheria, California ("Tribe"), a federally-recognized Indian tribe, submits this Answer to Plaintiff Butte County's Complaint. The Tribe specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

## INTRODUCTION

1. The Tribe admits that the National Indian Gaming Commission ("NIGC" and "Defendants") has approved an amendment to a gaming ordinance that the Tribe enacted for the development of a gaming facility at a site located in Butte County, California. The Tribe denies that the NIGC's approval violated the law. It further denies Plaintiff's remaining allegations, which constitute Plaintiff's description and characterization of the law to which no substantive response is required. To the extent any further response is required, the Tribe denies the remaining allegations in paragraph 1.

## PARTIES

2. The allegation in paragraph 2 constitutes Plaintiff's description and characterization of itself to which no substantive response is required.

3. The Tribe admits the allegation in paragraph 3.

4. The Tribe admits the allegation in paragraph 4.

5. The Tribe admits the allegation in paragraph 5. The Tribe admits that the NIGC consists of a Chairman and two Commissioners, and that one of the two Commissioner positions (formerly occupied by Cloyce V. Choney) currently is vacant.

## JURISDICTION

6.  The Tribe admits that the Complaint appears to be an action for review pursuant to a federal statute, but denies that Plaintiff is entitled to the relief requested.

## VENUE

7.  The Tribe admits the allegation contained in paragraph 7.

## FACTUAL BACKGROUND

8.  The allegations contained in paragraph 8 constitute Plaintiff's own characterization of the Indian Gaming Regulatory Act ("IGRA"). To the extent Plaintiff has interpreted IGRA in such a manner as to serve its own purposes, the Tribe denies Plaintiff's interpretation. The Tribe respectfully refers the Court to the cited Act, which speaks for itself and which is the best evidence of its legal effect. To the extent any response is required, the Tribes denies any allegations in this paragraph inconsistent with IGRA.

9.  The allegations in this paragraph purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribes denies any allegations in this paragraph inconsistent with IGRA.

10. The allegations in paragraph 10 purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribes denies any allegations in this paragraph inconsistent with IGRA.

11. The allegations in paragraph 11 purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribes denies any allegations in this paragraph inconsistent with IGRA.

12. The Tribe denies the allegations in paragraph 12, and affirmatively asserts that it is federally recognized by the Secretary of the Interior pursuant to the Stipulation for Entry of Judgment (Chico Rancheria) entered on January 6, 1992, in *Scotts Valley v. United States*, No. C-86-3660-VRW (N.D. Cal.).

13. The Tribe denies the allegations in paragraph 13.

14. The Tribe denies the allegations in paragraph 14.

15. The Tribe admits that it purchased a 630-acre parcel of land in Butte County, and that Defendants concluded the parcel qualifies as "restored lands" under IGRA if the land were taken into trust by the United States for the benefit of the Tribe. The Tribe admits that it plans to develop a portion of the parcel for gaming purposes. The Tribe denies the remaining allegations in paragraph 15.

16. The Tribe denies the allegations in paragraph 16.

17. The Tribe admits that it submitted an application to Defendants for the purpose of approving a management contract, and that the application included an environmental assessment of the 630-acre parcel, prepared under the supervision of the NIGC. The Tribe denies the remaining allegations in paragraph 17.

18. The Tribe admits that it submitted an application to the United States Department of the Interior for the purpose of accepting the 630-acre parcel into trust for the benefit of the Tribe, and that the trust application included an environmental assessment of the proposed gaming project, prepared under the supervision of the Department of the Interior. The Tribe denies the remaining allegations in paragraph 18.

19. The Tribe admits that a "Finding of No Significant Impact" was issued by the United States Department of the Interior with respect to the Tribe's application to take into trust the 630-acre parcel of land, and that the Finding of No Significant Impact included a description of this site. The Tribe denies the remaining allegations in paragraph 19.

20. The Tribe admits that the Acting General Counsel for the NIGC issued a determination dated March 14, 2003, that was concurred in by the Department of the Interior, Office of Solicitor, that concluded that the 630-acre parcel would qualify as "restored land" of a restored tribe pursuant to IGRA if taken into trust by the United States for the benefit of the Tribe, and that therefore gaming may be conducted by the Tribe on such land. The Tribe denies the remaining allegations in paragraph 20.

21. The allegation in paragraph 21 constitutes opinion, argument and legal conclusions, requiring no response. Nonetheless, the Tribe denies this allegation.

22. The Tribe admits that that it previously occupied lands known as the Chico Rancheria and that the federal government terminated the federal status of the Chico Rancheria purportedly pursuant to the California Rancheria Act of 1958. The Tribe denies all remaining allegations in paragraph 22.

23. The Tribe denies the allegations in paragraph 23.

24. The Tribe denies the allegations in paragraph 24.

25. The Tribe admits that tribal members lived and worked on the land owned and operated by the Bidwells.

26. The Tribe denies the allegations in paragraph 26.

27. The Tribe denies the allegation in paragraph 27.

28. The Tribe denies the allegation in paragraph 28.

29. The Tribe denies the allegations in paragraph 29.

30. The Tribe denies the allegations in paragraph 30.

31. The Tribe denies the allegations in paragraph 31.

32. The Tribe denies the allegations in paragraph 32.

33. The Tribe admits that its members drafted a Constitution in 1955, and that the Constitution was approved by the Commissioner of Indian Affairs on January 21, 1959. The Tribe also admits that the federal government terminated the federal status of the Chico Rancheria purportedly pursuant to the California Rancheria Act of 1958. The Tribe denies the remaining allegations in paragraph 33.

34. The Tribe denies the allegation in paragraph 34.

35. The Tribe denies the allegation in paragraph 35.

36. The Tribe denies the allegation in paragraph 36.

37. The Tribe denies the allegations in paragraph 37.

38. The Tribe denies the allegation in paragraph 38.

39. The Tribe denies the allegation in paragraph 39.

40. The Tribe denies the allegation in paragraph 40.

41. The Tribe denies the allegation in paragraph 41. The Tribe affirmatively alleges that the proposed site is located approximately 10 miles from the former Chico Rancheria.

## CLAIMS FOR RELIEF

42. The Tribe avers that paragraph 42 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is required.

43. The Tribe admits that on or about February 8, 2007, the Defendants approved a duly enacted amendment to the Tribe's gaming ordinance, and that such ordinance was enacted for the purpose of regulating the lawful operation of a gaming facility on lands owned by the Tribe. The Tribe also admits that the Defendants had determined that the lands would constitute "restored lands" under the Indian Gaming Regulatory Act in the event those lands were taken into trust by the United States for the benefit of the Tribe. The Tribe denies the remaining allegations in paragraph 43.

44. The Tribe denies the allegation in paragraph 44. The Tribe affirmatively alleges that the Defendants determined that the land in question would constitute "restored land," as defined by Section 20(b)(1)(B)(iii) of the Indian Gaming Regulatory Act, if taken into trust by the United States for the benefit of the Tribe.

45. The Tribe denies the allegation in paragraph 45, and denies that Plaintiff is entitled to the relief requested.

46. The Tribe avers that paragraph 46 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is required.

47. The Tribe admits that on or about February 8, 2007, the Defendants approved a duly enacted amendment to the Tribe's gaming ordinance, but denies the remaining allegations in paragraph 47.

48. The Tribe denies the allegations in paragraph 48. To the extent that paragraph 48 contains a characterization of IGRA and Plaintiff has interpreted IGRA in such a manner as to serve its own purpose, the Tribe denies Plaintiff's interpretation. The Tribe respectfully refers the Court to the cited Act, which speaks for itself and is the best evidence of its legal effect. The Tribe denies that Plaintiff is entitled to the relief requested.

49. The Tribe avers that paragraph 49 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is required.

50. The allegations in paragraph 50 purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies any allegations in this paragraph inconsistent with IGRA.

51. The allegations contained in paragraph 51 constitute opinion, argument and legal conclusions to which no response is required. To the extent that a response is required, the Tribe denies the allegations in paragraph 51.

52. The Tribe denies the allegations in paragraph 52.

53. The Tribe denies the allegation in paragraph 53, and denies that Plaintiff is entitled to the relief requested.

54. The Tribe avers that paragraph 54 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is necessary.

55. The allegation in paragraph 55 purports to recount the requirements of IGRA, which speaks for itself. Because the allegation constitutes opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies the allegations in this paragraph to the extent it is inconsistent with IGRA.

56. The allegations contained in paragraph 56 constitute opinion, argument and legal conclusions to which no response is required. To the extent that a response is required, the Tribe denies the allegations in paragraph 56.

57. The Tribe denies the allegations in paragraph 57.

58. The Tribe denies the allegation in paragraph 58, and denies that Plaintiff is entitled to the relief requested.

59. The Tribe avers that paragraph 59 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is required.

60. The allegation in paragraph 60 purports to recount the requirements of IGRA, which speaks for itself. Because the allegation constitutes opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies the allegation in this paragraph to the extent it is inconsistent with IGRA.

61. The Tribe denies the allegations in paragraph 61.

62. The allegations contained in paragraph 62 constitute opinion, argument and legal conclusions, to which no response is required. To the extent that a response is required, the Tribe denies the allegations in paragraph 62.

63. The Tribe denies the allegation in paragraph 63, and denies that Plaintiff is entitled to the relief requested.

64. The Tribe avers that paragraph 64 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is necessary.

65. The allegation in paragraph 65 purports to recount the requirements of IGRA, which speaks for itself. Because the allegation constitutes opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies the allegation in this paragraph to the extent that it is inconsistent with IGRA.

66. The allegations contained in paragraph 66 constitute opinion, argument and legal conclusions, to which no response is required. To the extent that a response is required, the Tribe denies the allegations in paragraph 66.

67. The Tribe denies the allegations in paragraph 67.

68. The Tribe denies that Plaintiff is entitled to the relief requested.

**REQUESTED RELIEF**

The remaining paragraphs are calls for relief. The Tribe denies that Plaintiff is entitled to any of the relief, attorney's fees or costs requested.

## INTERVENOR'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint should be dismissed because the Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint should be dismissed because the Plaintiff lacks standing to bring this action.

### Third Affirmative Defense

The Complaint should be dismissed because the Plaintiff's claims are not ripe.

### Fourth Affirmative Defense

The Tribe asserts all other affirmative defenses that may be revealed subsequent to this filing.

Wherefore, the Tribe respectfully requests judgment dismissing the Plaintiff's Complaint herein, together with all costs and reimbursement for defense of this action and for such other relief as the Court deems just and proper.

Respectfully submitted this 13 day of May 2008.

|  | Mechoopda Indian Tribe of Chico Rancheria, California, Intervenor-Defendant, |
|---|---|
|  | By _____/s/ Nicholas C. Yost_____ |
| Michael J. Anderson, DC Bar 417887 | Nicholas C. Yost, USDC-DC Bar 968289[1] |
| Anderson Tuell LLP | Paula M. Yost, CA Bar 156843 |
| 300 Independence Avenue, SE | Katherine K. Moore, CA Bar 235958 |
| Suite 200 | Sonnenschein Nath & Rosenthal LLP |
| Washington, D.C. 20003 | 525 Market Street |
| Telephone: (202) 543-5000 | 26th Floor |
| Facsimile: (202) 543-7716 | San Francisco, CA 94105-2708 |
|  | Telephone: (415) 882-5000 |
|  | Facsimile: (415) 882-0300 |

Christina Kazhe, CA Bar 192158
Kazhe Law Group P.C.
8359 Elk Grove Florin Road
Suite 103287
Sacramento, CA 95829
Telephone: (916) 226-2590
Facsimile: (916) 880-5691

---

[1] Mr. Yost is admitted to practice before this Court (USDC-DC Bar No. 968289). Mr. Yost is admitted to the District of Columbia Bar, but his membership is inactive. Mr. Yost is an active member of the California Bar and practices under that membership (Bar No. 35297).

**CERTIFICATE OF SERVICE**

    I certify that on May 13, 2008, I filed the above document via the Clerk of the Court's Generic Email Box, which will send notice of electronic filing to the following:

Dennis Jeffrey Whittlesey
DICKINSON WRIGHT, P.L.L.C.
1901 L Street, NW
Suite 800
Washington, DC  20036
Tele:  (202) 659-6928
Fax:  (202) 659-1559
dwhittlesey@dicksinsonwright.com

Amy S. Tyron
U.S. DEPARTMENT OF JUSTICE
P.O. Box 44378
Washington, DC  20026-4378
Tele:  (202) 353-8596
amy.tryon@usdoj.gov

                                                            /s/ Kimberly J. Soto
                                                             Kimberly J. Soto