# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUTTE COUNTY, CALIFORNIA, 25 County Center Drive, Oroville, CA 95965, <br><br> Plaintiff, <br><br> v. <br><br> PHILIP N. HOGEN, in his official capacity as CHAIRMAN OF THE NATIONAL INDIAN GAMING COMMISSION, 1441 L Street, N.W., Suite 9100, Washington, D.C. 20005, NORMAN H. DESROSIERS, in his official capacity as COMMISSIONER OF THE NATIONAL INDIAN GAMING COMMISSION, 1441 L Street, Suite 9100, Washington, D.C. 20005, DIRK A. KEMPTHORNE, in his official capacity as SECRETARY OF THE DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W., Washington, D.C. 20240, CARL J. ARTMAN, in his official capacity as ASSISTANT SECRETARY - INDIAN AFFAIRS, DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W., Washington, D.C. 20240, and UNITED STATES DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W., Washington, D.C. 20240, <br><br> Defendants. <br><br> MECHOOPDA INDIAN TRIBE OF CHICO RANCHERIA, CALIFORNIA, a federally recognized Indian Tribe, c/o Dennis E. Ramirez, Chairman, Tribal Offices, 125 Mission Ranch Boulevard, Chico, CA 95926, <br><br> Intervenor. | Case No.: 1:08-cv-00519-HHK-AK <br> Judge: Henry H. Kennedy, Jr. <br> Deck Type: Administrative Agency Review <br> Date Filed: 03/26/08 <br><br> **ANSWER OF INTERVENOR MECHOOPDA INDIAN TRIBE OF CHICO RANCHERIA, CALIFORNIA TO FIRST AMENDED COMPLAINT** |

Intervenor Mechoopda Indian Tribe of Chico Rancheria, California ("Tribe"), a federally-recognized Indian tribe, submits this Answer to Plaintiff Butte County's First Amended Complaint. The Tribe specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

## INTRODUCTION

1.  The Tribe admits that the National Indian Gaming Commission ("NIGC") has approved an amendment to a gaming ordinance that the Tribe enacted for the development of a gaming facility at a site located in Butte County, California. The Tribe denies that the NIGC's approval violated the law. It further denies Plaintiff's remaining allegations, which constitute Plaintiff's description and characterization of the law to which no substantive response is required. To the extent any further response is required, the Tribe denies the remaining allegations in paragraph 1.

2.  The Tribe admits that the United States Department of the Interior ("DOI" and, collectively with the NIGC, "Defendants") approved an application to accept into trust land located in Butte County, California. The Tribe denies that the DOI's approval violated the law. The Tribe further denies Plaintiff's remaining allegations, which constitute Plaintiff's description and characterization of the law to which no substantive response is required. To the extent any further response is required, the Tribe denies the remaining allegations in paragraph 2. The Tribe affirmatively alleges that notice of this approval was published in the Federal Register on May 8, 2008, and not May 8, 2007.

## PARTIES

3. The allegation in paragraph 3 constitutes Plaintiff's description and characterization of itself to which no substantive response is required.

4. The Tribe admits the allegation in paragraph 4.

5. The Tribe admits the allegation in paragraph 5.

6. The Tribe admits the allegation in paragraph 6. The Tribe admits that the NIGC consists of a Chairman and two Commissioners, and that one of the two Commissioner positions (formerly occupied by Cloyce V. Choney) currently is vacant.

7. The Tribe admits the allegation in paragraph 7.

8. The Tribe admits that Carl J. Artman, the former Assistant Secretary for Indian Affairs, made the decision to accept the property in question into trust for the Tribe, and that Mr. Artman resigned as Assistant Secretary for Indian Affairs subsequent to making this decision. The Tribe affirmatively alleges that, on May 23, 2008, George T. Skibine became the acting Assistant Secretary for Indian Affairs.

9. The Tribe admits the allegation in paragraph 9.

**JURISDICTION**

10. The Tribe admits that the Complaint appears to be an action for review pursuant to a federal statute, but denies that Plaintiff is entitled to the relief requested.

**VENUE**

11. The Tribe admits the allegation contained in paragraph 11.

**FACTUAL BACKGROUND**

12. The allegations contained in paragraph 12 constitute Plaintiff's own characterization of the Indian Gaming Regulatory Act ("IGRA"). To the extent Plaintiff has interpreted IGRA in such a manner as to serve its own purposes, the Tribe denies Plaintiff's interpretation. The Tribe respectfully refers the Court to the cited Act, which speaks for itself and which is the best evidence of its legal effect. To the extent any response is required, the Tribes denies any allegations in this paragraph inconsistent with IGRA.

13. The allegations in this paragraph purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribes denies any allegations in this paragraph inconsistent with IGRA.

14. The allegations in paragraph 14 purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribes denies any allegations in this paragraph inconsistent with IGRA.

15. The allegations in paragraph 15 purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribes denies any allegations in this paragraph inconsistent with IGRA.

16. The Tribe denies the allegations in paragraph 16, and affirmatively asserts that it is federally recognized by the Secretary of the Interior pursuant to the Stipulation for Entry of

Judgment (Chico Rancheria) entered on January 6, 1992, in *Scotts Valley v. United States*, No. C-86-3660-VRW (N.D. Cal.).

17. The Tribe denies the allegations in paragraph 17.

18. The Tribe denies the allegations in paragraph 18.

19. The Tribe admits that it purchased a 630-acre parcel of land in Butte County, and that NIGC concluded the parcel qualifies as "restored lands" under IGRA if the land were taken into trust by the United States for the benefit of the Tribe. The Tribe admits that it plans to develop a portion of the parcel for gaming purposes. The Tribe denies the remaining allegations in paragraph 19.

20. The Tribe denies the allegations in paragraph 20.

21. The Tribe admits that it submitted an application to NIGC for the purpose of approving a management contract, and that the application included an Environmental Assessment of the 630-acre parcel, prepared in compliance with the National Environmental Policy Act ("NEPA") and under the supervision of the NIGC. The Tribe denies the remaining allegations in paragraph 21. The Tribe affirmatively alleges that the Environmental Assessment satisfies the requirements of NEPA with respect to the proposed project.

22. The Tribe admits that it submitted an application to the United States Department of the Interior for the purpose of accepting the 630-acre parcel into trust for the benefit of the Tribe, and that the trust application included an Environmental Assessment of the proposed gaming project, prepared in compliance with NEPA and under the supervision of the Department of the Interior. The Tribe denies the remaining allegations in paragraph 22.

23. The Tribe admits that a "Finding of No Significant Impact" was issued by the United States Department of the Interior with respect to the Tribe's application to take into trust the 630-acre parcel of land, and that the Finding of No Significant Impact included a description of this site. The Tribe denies the remaining allegations in paragraph 23.

24. The Tribe admits that the Acting General Counsel for the NIGC issued a determination dated March 14, 2003, that was concurred in by the Department of the Interior, Office of Solicitor, that concluded that the 630-acre parcel would qualify as "restored land" of a restored tribe pursuant to IGRA if taken into trust by the United States for the benefit of the Tribe, and that therefore gaming may be conducted by the Tribe on such land. The Tribe denies the remaining allegations in paragraph 24.

25. The allegation in paragraph 25 constitutes opinion, argument and legal conclusions, requiring no response. Nonetheless, the Tribe denies this allegation.

26. The Tribe admits that that it previously occupied lands known as the Chico Rancheria and that the federal government terminated the federal status of the Chico Rancheria purportedly pursuant to the California Rancheria Act of 1958. The Tribe denies all remaining allegations in paragraph 26.

27. The Tribe denies the allegations in paragraph 27.

28. The Tribe denies the allegations in paragraph 28.

29. The Tribe admits that tribal members lived and worked on the land owned and operated by the Bidwells.

30. The Tribe denies the allegations in paragraph 30.

31. The Tribe denies the allegation in paragraph 31.

32. The Tribe denies the allegation in paragraph 32.

33. The Tribe denies the allegations in paragraph 33.

34. The Tribe denies the allegations in paragraph 34.

35. The Tribe denies the allegations in paragraph 35.

36. The Tribe denies the allegations in paragraph 36.

37. The Tribe admits that its members drafted a Constitution in 1955, and that the Constitution was approved by the Commissioner of Indian Affairs on January 21, 1959. The Tribe also admits that the federal government terminated the federal status of the Chico Rancheria purportedly pursuant to the California Rancheria Act of 1958. The Tribe denies the remaining allegations in paragraph 37.

38. The Tribe denies the allegation in paragraph 38.

39. The Tribe denies the allegation in paragraph 39.

40. The Tribe denies the allegation in paragraph 40.

41. The Tribe denies the allegations in paragraph 41.

42. The Tribe denies the allegation in paragraph 42.

43. The Tribe denies the allegation in paragraph 43.

44. The Tribe denies the allegation in paragraph 44.

45. The Tribe denies the allegation in paragraph 45. The Tribe affirmatively alleges that the proposed site is located approximately 10 miles from the former Chico Rancheria.

## CLAIMS FOR RELIEF

46. The Tribe avers that paragraph 46 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is required.

47. The Tribe admits that on or about February 8, 2007, the NIGC approved a duly enacted amendment to the Tribe's gaming ordinance, and that such ordinance was enacted for the purpose of regulating the lawful operation of a gaming facility on lands owned by the Tribe. The Tribe also admits that the NIGC had determined that the lands would constitute "restored lands" under the Indian Gaming Regulatory Act in the event those lands were taken into trust by the United States for the benefit of the Tribe. The Tribe denies the remaining allegations in paragraph 47.

48. The Tribe denies the allegation in paragraph 48. The Tribe affirmatively alleges that the NIGC determined that the land in question would constitute "restored land," as defined by Section 20(b)(1)(B)(iii) of the Indian Gaming Regulatory Act, if taken into trust by the United States for the benefit of the Tribe. The Tribe further affirmatively alleges that the United States approved the Tribe's application to take this land into trust on May 8, 2008.

49. The Tribe denies the allegation in paragraph 49, and denies that Plaintiff is entitled to the relief requested.

50. The Tribe avers that paragraph 50 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is required.

51. The Tribe admits that on or about February 8, 2007, the NIGC approved a duly enacted amendment to the Tribe's gaming ordinance, but denies the remaining allegations in paragraph 51.

52. The Tribe denies the allegations in paragraph 52. To the extent that paragraph 52 contains a characterization of IGRA and Plaintiff has interpreted IGRA in such a manner as to serve its own purpose, the Tribe denies Plaintiff's interpretation. The Tribe respectfully refers the Court to the cited Act, which speaks for itself and is the best evidence of its legal effect. The Tribe denies that Plaintiff is entitled to the relief requested.

53. The Tribe avers that paragraph 53 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is required.

54. The allegations in paragraph 54 purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies any allegations in this paragraph inconsistent with IGRA.

55. The allegations contained in paragraph 55 constitute opinion, argument and legal conclusions to which no response is required. To the extent that a response is required, the Tribe denies the allegations in paragraph 55.

56. The Tribe denies the allegations in paragraph 56.

57. The Tribe denies the allegation in paragraph 57, and denies that Plaintiff is entitled to the relief requested.

58. The Tribe avers that paragraph 58 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is necessary.

59. The Tribe admits that on or about March 14, 2008, the United States approved the Tribe's application to accept into trust certain land located in Butte County, California, and that notice of such decision was published in the Federal Register on May 8, 2008. The Tribe denies the remaining allegations in paragraph 59.

60. The Tribe denies the allegations in paragraph 60.

61. The Tribe denies the allegation in paragraph 61, and denies that Plaintiff is entitled to the relief requested.

62. The Tribe avers that paragraph 62 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is necessary.

63. The Tribe denies the allegations in paragraph 63.

64. The Tribe denies the allegation in paragraph 64, and denies that Plaintiff is entitled to the relief requested.

65. The Tribe avers that paragraph 65 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is necessary.

66. The allegations in paragraph 66 purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies any allegations in this paragraph inconsistent with IGRA.

67. The Tribe denies the allegations in paragraph 67.

68. The Tribe denies the allegation in paragraph 68.

69. The Tribe denies the allegation in paragraph 69, and denies that Plaintiff is entitled to the relief requested.

70. The Tribe avers that paragraph 70 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is necessary.

71. The allegations in paragraph 71 purport to recount the requirements of IGRA, which speaks for itself. Because the allegations constitute opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies any allegations in this paragraph inconsistent with IGRA.

72. The Tribe denies the allegations in paragraph 72.

73. The Tribe denies the allegations in paragraph 73.

74. The Tribe denies that Plaintiff is entitled to the relief requested in paragraph 74.

75. The Tribe avers that paragraph 75 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is necessary.

76. The allegation in paragraph 76 purports to recount the requirements of IGRA, which speaks for itself. Because the allegation constitutes opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies the allegations in this paragraph to the extent it is inconsistent with IGRA.

77. The allegations contained in paragraph 77 constitute opinion, argument and legal conclusions to which no response is required. To the extent that a response is required, the Tribe denies the allegations in paragraph 77.

78. The Tribe denies the allegations in paragraph 78.

79. The Tribe denies the allegation in paragraph 79, and denies that Plaintiff is entitled to the relief requested.

80. The Tribe denies the allegation in paragraph 80, and denies that Plaintiff is entitled to the relief requested.

81. The Tribe avers that paragraph 81 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is required.

82. The allegation in paragraph 82 purports to recount the requirements of IGRA, which speaks for itself. Because the allegation constitutes opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies the allegation in this paragraph to the extent it is inconsistent with IGRA.

83. The Tribe denies the allegations in paragraph 83.

84. The allegations contained in paragraph 84 constitute opinion, argument and legal conclusions, to which no response is required. To the extent that a response is required, the Tribe denies the allegations in paragraph 84.

85. The Tribe denies the allegation in paragraph 85, and denies that Plaintiff is entitled to the relief requested.

86. The Tribe avers that paragraph 86 reasserts and incorporates the allegations contained in the previous allegations and therefore no response is necessary.

87. The allegation in paragraph 87 purports to recount the requirements of IGRA, which speaks for itself. Because the allegation constitutes opinion, argument and legal conclusions, no response is required. To the extent any response is required, the Tribe denies the allegation in this paragraph to the extent that it is inconsistent with IGRA.

88. The allegations contained in paragraph 88 constitute opinion, argument and legal conclusions, to which no response is required. To the extent that a response is required, the Tribe denies the allegations in paragraph 88.

89. The Tribe denies the allegations in paragraph 89.

90. The Tribe denies that Plaintiff is entitled to the relief requested.

## REQUESTED RELIEF

The remaining paragraphs are calls for relief. The Tribe denies that Plaintiff is entitled to any of the relief, attorney's fees or costs requested.

## INTERVENOR'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint should be dismissed because the Plaintiff has failed to state a claim upon which relief may be granted.

## Second Affirmative Defense

The Complaint should be dismissed because the Plaintiff lacks standing to bring this action.

## Third Affirmative Defense

The Tribe asserts all other affirmative defenses that may be revealed subsequent to this filing.

Wherefore, the Tribe respectfully requests judgment dismissing the Plaintiff's Complaint herein, together with all costs and reimbursement for defense of this action and for such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of June 2008.

                                            Mechoopda Indian Tribe of Chico Rancheria, California, Intervenor-Defendant,

By :    /s/

Michael J. Anderson, DC Bar 417887  
Anderson Tuell LLP  
300 Independence Avenue, SE  
Suite 200  
Washington, D.C. 20003  
Telephone: (202) 543-5000  
Facsimile:  (202) 543-7716  

Nicholas C. Yost, USDC-DC Bar 968289[1]  
Paula M. Yost, CA Bar 156843  
Katherine K. Moore, CA Bar 235958  
Sonnenschein Nath & Rosenthal LLP  
525 Market Street  
26th Floor  
San Francisco, CA  94105-2708  
Telephone: (415) 882-5000  
Facsimile:  (415) 882-0300  

Christina Kazhe, CA Bar 192158  
Kazhe Law Group P.C.  
8359 Elk Grove Florin Road  
Suite 103287  
Sacramento, CA 95829  
Telephone: (916) 226-2590  
Facsimile:  (916) 880-5691  

---

[1] Mr. Yost is admitted to practice before this Court (USDC-DC Bar No. 968289).  Mr. Yost is admitted to the District of Columbia Bar, but his membership is inactive.  Mr. Yost is an active member of the California Bar and practices under that membership (Bar No. 35297).