IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUTTE COUNTY, CALIFORNIA** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **PHILIP N. HOGEN, et al.,** ) <br> ) <br> Defendants. ) <br> ) | 1:08-cv-00519-HHK <br><br> **CASE MANAGEMENT REPORT** |

Pursuant to this Court's Order of July 1, 2008, the parties hereto submit their Case Management Report. Because this case is an action for review on an administrative record, LCvR 26.2(a)(1) states that no initial disclosures are required. Similarly, LCvR 16.3(b) exempts this action from the requirements of F.R.C.P. 26(f) concerning case management conferences. In the interests of clarity, however, this Case Management Report contains much of the same information that would otherwise be required under LCvR 16.3.

    1.    **Participating Parties**

In connection with preparing this Case Management Report, attorneys for all three parties communicated by telephone and Internet communication on July 7-8, 2008, and by conference call on July 10, 2008. Plaintiff Butte County, California ("County") participated through its attorneys Dennis J. Whittlesey, Bruce S. Alpert and H. Scott Althouse. The federal defendants Philip N. Hogen, Norman H. DesRosiers, Dirk A. Kempthorne, Carl J. Artman and the United States Department of the Interior participated through their attorney of record Amy S. Tryon of the United States Department of Justice. Intervenor-defendant Mechoopda Indian Tribe of Chico Rancheria ("Tribe") participated through its attorneys Nicholas C. Yost, Katherine K. Moore, Michael Jon Anderson and Matthew Justin Kelly.

2. **Short Statement of the Nature of the Case**

    a. **The County's Short Statement of the Nature of the Case**

The County commenced this action on March 26, 2008, by filing its Complaint for declaratory and injunctive relief. Named as defendants were Chairman Philip N. Hogen and Vice Chairman Norman H. DesRosiers of the National Indian Gaming Commission ("NIGC") for their approval of an amendment to the Tribe's site-specific Tribal Gaming Ordinance. The Complaint sought declaratory and injunctive relief to preclude casino gaming on the site identified in the Tribal Gaming Ordinance because it is not "restored land" under Section 20(b)(1)(B)(iii) of the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2719(b)(1)(B)(iii).

On May 19, 2008, the County filed its First Amended Complaint to include new claims and new defendants. The First Amended Complaint added defendants Interior Secretary Dirk A. Kempthorne, Interior Assistant Secretary for Indian Affairs Carl J. Artman and the United States Department of the Interior ("DOI") for their decision to take the subject site into trust for gaming. The County alleges that the subject site does not qualify as restored land under IGRA Section 20, and, accordingly, does not qualify for Indian casino gaming under IGRA.

    b. **The Federal Defendants' Short Statement of the Nature of the Case**

The federal defendants opt not to submit a separate Short Statement of the Nature of the Case.

    c. **The Tribe's Short Statement of the Nature of the Case**

This case involves a challenge to decisions made by the NIGC and the DOI regarding a parcel upon which the Tribe, federally recognized but landless, seeks to establish a seat of trial government and pursue economic development in Butte County, California. Between 1967 and 1992, the Tribe was unlawfully denied both federal recognition and

reservation lands on which to pursue self-determination and economic self-sufficiency. Since being restored to federal recognition in 1992, the Tribe sought to have land placed in trust for its benefit. To that end, in 2001, it acquired an interest in an approximately 630-acre site in Butte County, California, lying within the Tribe's aboriginal territory and the area to have been reserved to the Tribe by an unratified 1851 treaty with the United States, and located about 10 miles from the Tribe's former rancheria (the "Site"). The Tribe thereafter submitted a fee-to-trust application to the Department of Interior seeking to have the Site taken into trust for its benefit. The Tribe further proposed to operate a gaming facility on the Site, and consequently submitted a management contract to the NIGC for approval pursuant to IGRA. In 2003, the NIGC and the DOI determined the Site was restored land pursuant to IGRA. On May 8, 2008, the BIA published a notice of intent to take the Site into trust for the benefit of the Tribe.

Approximately 52 percent of the Tribe's labor force is unemployed, and approximately one-third of employed tribal members live below the poverty line. An estimated forty percent of tribal members live in substandard housing, while forty-four percent of Tribal elders subsist on government disability payments. Developing the property at issue would generate the revenue the Tribe needs to provide for the health and welfare of its members. The Tribe's participation in this suit is thus essential to the Tribe's ability to protect the vital interests of itself and its members. Accordingly, on May 13, 2008, the Tribe filed a Motion to Intervene Under Federal Rule of Civil Procedure 24(b). On May 20, 2008, the County filed an Opposition to the Tribe's Motion to Intervene, and, on June 2, 2008, the Tribe filed a Reply to the County's Opposition. Magistrate Judge Alan Kay granted the Tribe's Motion on June 16, 2008. On June 26, 2008, the County filed Objections to the Magistrate's Order and, on July 10, 2008, the Tribe filed its Opposition to the County's Objections. This matter is now pending before the Court.

3.  **Additional Parties and Amended Pleadings**

On May 13, 2008, the Tribe filed a Motion for Leave to Intervene, which was granted by Magistrate Kay on June 16, 2008. The County filed Objections to the Magistrate's Order on June 26, 2008, and the Tribe filed its opposition to the County's objections on July 10, 2008. The matter is now pending before this Court. The County does not currently anticipate further amending its Complaint, although it may seek leave to do so after reviewing the two Administrative Records once they are filed, as discussed below. The County will make and communicate to counsel for the federal defendants and the Tribe such decision by no later than September 5, 2008.

4.  **Contemplated Dispositive Motions and Proposed Deadlines.**

   a.  **Federal Defendants' Filing of Two Administrative Records.**

The date by which the federal defendants must answer or otherwise respond to the First Amended Complaint is July 28, 2008. However, the federal defendants anticipate filing two Administrative Records – one for each final agency action – on or about August 27, 2008. The County agrees to an extension of the answer date to accommodate the filing of the two Administrative Records. However, the County reserves its right to review the two Administrative Records and, if necessary, move the Court to supplement the Administrative Records with any materials which should be included but are not, such as any missing correspondence or documentation that the County previously provided to the federal defendants.

   b.  **Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment**

As noted above, the date by which the federal defendants must answer or otherwise respond to the First Amended Complaint is July 28, 2008. However, their counsel advises that the federal defendants need more time to compile the two Administrative Records.

The federal defendants anticipate filing a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment on September 12, 2008. The Tribe also anticipates filing a Motion for Summary Judgment on September 12, 2008.

      **c.** **The County's Motion for Summary Judgment**

The County intends to file a Motion for Summary Judgment on October 17, 2008.

**5.**     **Proposed Litigation Schedule**

- <u>August 27, 2008</u>: The federal defendants file the two Administrative Records.

- <u>September 12, 2008</u>: The federal defendants file their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. The Tribe files a comparable motion.

- <u>October 17, 2008</u>: The County (1) responds to the defendants' filings of September 12, 2008 and (2) files a Motion for Summary Judgment.

- <u>November 10, 2008</u>: The federal defendants and the Tribe reply in support of their September 12, 2008 filings and respond in opposition to the County's Motion for Summary Judgment.

- <u>November 26, 2008</u>: The County replies in support of its Motion for Summary Judgment.

- _____: Oral argument on all pending motions.

**6.**     **Reference to a United States Magistrate Judge**

No party believes this matter is suitable for reference to a magistrate.

**7.**     **Status of Related and Pending Cases**

No party is aware of any related or pending cases.

**8.     Discovery**

This is an action for review on an administrative record and, as such, the parties do not intend to conduct any discovery.

**9.     Prospects for Settlement**

No party believes that the prospects for settlement are likely; however, the County is amenable to conducting good faith efforts to reach settlement of the issues as framed by the County in its First Amended Complaint.

DATED this 11th day of July 2008.

DICKINSON WRIGHT PLLC

By: s/Dennis J. Whittlesey_____
Dennis J. Whittlesey (DC Bar No. 053322)
1901 L St. NW, Suite 800
Washington, DC 20036
202-659-6928
dwhittlesey@dickinsonwright.com

Attorney for Plaintiff


U.S. DEPARTMENT OF JUSTICE

by: s/Amy S. Tryon_____
Amy S. Tryon
P.O. Box 44378
Washington, DC 20026-4378
202-353-8596
amy.tryon@usdoj.gov

Attorney for Federal Defendants

SONNENSCHEIN, NATH &
ROSENTHAL, LLP

by:  s/Nicholas C. Yost\_\_\_\_\_
Nicholas C. Yost (DC Bar No. 968289[1])
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
415-882-2440
nyost@sonnenschein.com

Attorney for the Tribe

DC 35614-1 122627v1

---

[1] Mr. Yost is admitted to practice before this Court (USDC-DC Bar No. 968289). Mr. Yost is admitted to the District of Columbia Bar, but his membership is inactive. Mr. Yost is an active member of the California Bar and practices under that membership (Bar No. 35297).