IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BUTTE COUNTY, CALIFORNIA** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | 1:08-cv-00519-HHK | |
| v. ) | | |
| ) | **PLAINTIFF'S MOTION FOR** | |
| **PHILIP N. HOGEN, et al.,** ) | **ORDER REQUIRING** | |
| ) | **THE NIGC ADMINISTRATIVE** | |
| Defendants. ) | **RECORD BE SUPPLEMENTED** | |
| ) | | |

     Plaintiff Butte County, California requests the Court to direct Federal Defendants Philip N. Hogen, Norman H. DesRosiers and the National Indian Gaming Commission ("NIGC") to supplement and complete the Administrative Record for the NIGC's final agency action on February 8, 2007, which approved an Amendment to the Tribal Gaming Ordinance of the Mechoopda Indian Tribe of the Chico Rancheria ("Amended Ordinance"), with the documents and correspondence enumerated below.

     Plaintiff's Motion is filed contemporaneously with the Motion for Order Requiring the Department of the Interior Administrative Record Be Supplemented, which record concerns final agency action to accept land into trust for gaming, which was published in the Federal Register on May 8, 2008.

     A Joint Memorandum of Points and Authorities is also filed in support of the two Motions.

The specific materials which can be identified from other materials which were produced, but which were not included in the Administrative Record are as follows:

<u>Documents and Correspondence to Supplement the Administrative Record</u>

1. "Mechoopda Indian Tribe of the Chico Rancheria," Stephen Dow Beckham, January 2006 ("Beckham Report").  DOI AR005661

2. Any and all files, information, internal analysis and interagency correspondence, including to and from the Tribe, concerning the Beckham Report.

3. June 16, 2006 Letter from Dennis J. Whittlesey to Secretary of the Interior Dirk A. Kempthorne, *et al.* concerning restored lands analysis with excerpts of the Beckham Report.  DOI AR 002695.

4. August 1998 denial of request for Land Determination from the Solicitor's Office of the Department of the Interior, authored by John Leshy, which is referenced in the March 13, 2003 NIGC Land Determination authored by Penny Coleman ("Leshy Land Determination").  DOI AR000328.

5. Any and all files, information, internal analysis and interagency correspondence, including to and from the Tribe, concerning the Leshy Land Determination.

6. Any and all memoranda authored by Associate Solicitor Derrill Jordan ("Jordan Opinion").

7. Any and all files, information, internal analysis and interagency correspondence, including to and from the Tribe, concerning the Jordan Opinion.

8. Any and all correspondence from the State of California in response to the March 7, 2001, letter from NIGC to the California Attorney General.  NIGC AR002943.

9. Any and all files, information, internal analysis and interagency correspondence, including to and from the Tribe, regarding the Tribe's 2001 attempts to secure informal reconsideration of their first request for land determination.

Pursuant to LCvR 7(m), plaintiff's counsel has discussed this Motion with counsel for the Federal Defendants and counsel for the Intervenor-Defendant, and they do not concur in this motion.

**DATED** this 5th day of September 2008.

s/Dennis J. Whittlesey_____
DICKINSON WRIGHT PLLC
Dennis J. Whittlesey (DC Bar No. 053322)
1901 L St. NW, Suite 800
Washington, DC 20036
202-659-6928
dwhittlesey@dickinsonwright.com

Bruce S. Alpert (*Pro Hac Vice*)
BUTTE COUNTY, CALIFORNIA
25 County Center Drive
Oroville, CA 95965
530-538-7621
balpert@buttecounty.net

DC 125091v1

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BUTTE COUNTY, CALIFORNIA** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | 1:08-cv-00519-HHK | |
| v. ) | | |
| ) | **ORDER TO SUPPLEMENT** | |
| **PHILIP N. HOGEN, et al.,** ) | **ADMINISTRATIVE RECORDS** | |
| ) | **OF NIGC AND DOI** | |
| Defendants. ) | | |
| _____) | | |

**THIS MATTER** came before the Court by two motions of Plaintiff: (1) Motion for Order Requiring the NIGC Administrative Record Be Supplemented and (2) Motion for Order Requiring the Department of the Interior Administrative Record Be Supplemented.  Those motions identify and discuss in some detail the materials which were not included in the August 28 delivery to counsel which plaintiff argues are important, relevant and critical..

The Court has considered the instant Motions and supporting materials, as well as any opposing materials submitted by the federal defendants and defendant-intervenor and concluded that the Motions should be granted.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

**A.**     The Department of the Interior is ordered to supplement its Administrative Record in this matter with all of the materials identified by plaintiff in its Motion for Order Requiring the NIGC Administrative Record Be Supplemented.

**B.**     The National Indian Gaming Commission is ordered to supplement its Administrative Record in this matter with all of the materials identified by plaintiff in its Motion for Order Requiring the Department of the Interior Administrative Record Be Supplemented.

2

      **C.**    Upon receipt of the supplementary material, plaintiff shall have 10 days to review the production and report to this Court as to whether the federal defendants have fully complied with this Order.

      **D.**    Within 10 days of plaintiff's report to this Court as to whether the federal defendants have fully complied with this Order, the parties shall prepare and file with this Court a Second Case Management Report, which shall include a new briefing schedule agreed upon by them.

      **DONE** this ___ day of September 2008.

_____
United States District Judge

DC 35614-1 125112v1